IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA VICTORIA ARGUETA, ARACELI AGUILERA VILLARREAL, BERNARDINA PENAS MARICHE, PAOLA PULE PENAS, PAULINA PULE PENAS, NANCY ELIZABETH REYES MORALES, ELIZABETH JARQUIN PRUDENTE, MARBELLA ALVARADO ALVAREZ, IRIS PALACIOS CRUZ, MARIANA MORALES PALACIOS, and EUCEBIA CORTES FIGUEROA,<br><br>Plaintiffs,<br><br>vs.<br><br>UR M. JADDOU, *in her official capacity as* Director of U.S. Citizenship and Immigration Services,<br><br>Defendant. | NO. 4:23-CV-3002<br><br>MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO RECONSIDER |

Before the Court is Plaintiffs' Motion to Reconsider. Filing 33. Plaintiffs challenge the Court's earlier order granting Defendant's Motion to Dismiss for lack of subject matter jurisdiction. Filing 32. Plaintiffs specifically seek reconsideration on the Court's holding that the "domestic plaintiffs" lack standing. Filing 33 at 1. Plaintiffs contend that the Court's decision was "fatally flawed because [it was] premised on the holding that domestic WLD holders are not entitled to advance parole." Filing 33 at 1. To the contrary, Plaintiffs argue that "WLD holders are entitled to advance parole." Filing 33 at 1. Plaintiffs continue that "[t]his Court's decision wholly

1

ignores the role of § 212.5(f) and, therefore, its decision constitutes manifest legal error." Filing 33 at 8. For the reasons stated below, the Court denies Plaintiffs' Motion.

## I. BACKGROUND

The plaintiffs presently seeking reconsideration of the Court's previous order (domestic plaintiffs) are all principal U visa applicants, meaning aliens who have suffered abuse due to certain types of criminal activity and help law enforcement officials investigate this criminal activity. *See* 8 U.S.C. § 1101(a)(15)(U). All the domestic plaintiffs have received deferred action, Employment Authorization Documents (EADs), and either favorable waiting list decisions (WLDs) or bona fide determinations (BFDs). Filing 29-1 at 3–43, 53–63. What the domestic plaintiffs seek (as related to the present Motion) is "advance parole," which "allow[s] inadmissible noncitizens to apply for parole"—that is, a mechanism authorizing noncitizens "to depart the United States and present upon return at a port of entry to seek parole back into the United States," Filing 29 at 19—"in advance, before seeking physical admission at the United States border." Filing 22 at 9 (¶ 44).

Plaintiffs filed their original Complaint with this Court on January 9, 2023. Filing 1. Plaintiffs filed an Amended Complaint on July 20, 2023. Filing 22. Plaintiffs allege that USCIS has unlawfully withheld and unreasonably delayed issuing advance parole in violation of the APA, 5 U.S.C. § 706(1). Filing 22 at 16–27 (¶¶ 86–174). In addition, Plaintiffs allege that USCIS has acted arbitrarily and capriciously in denying advance parole in violation of the APA, 5 U.S.C. § 706(2). Filing 22 at 27–28 (¶¶ 175–182). Plaintiffs seek to compel various agency actions by USCIS, namely, to make WLDs and issue advance parole. Filing 22 at 30 (¶¶ 199–201). On August 24, 2023, Defendant filed a Motion to Dismiss the Amended Complaint. Filing 29. The Court granted that Motion on November 21, 2023. Filing 32. The Court reasoned that the domestic

2

plaintiffs had not suffered any injury in fact to support standing because as a matter of statutory interpretation they were not entitled to what advance parole. Filing 32 at 16. On December 1, 2023, Plaintiffs filed the Motion to Reconsider that is presently before the Court.

## II. ANALYSIS

### A. Motion to Reconsider Standards

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). Plaintiffs wrongly assert that Rule 59(e), which only applies to judgments, not dismissals, authorizes their Motion. Filing 33 at 2; *see also Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) ("Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." (emphasis in original)); *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"). Defendant properly identifies Rule 60(b) as the authority that permits the present Motion. Filing 36 at 2. Rule 60(b) provides,

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Eighth Circuit Court of Appeals has explained that a motion to reconsider a non-final order is construed as "one under Rule 60(b)." *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b)...." (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018))).

The Eighth Circuit Court of Appeals has elaborated on these standards, as follows:

> Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam). "We will reverse a district court's ruling on a Rule 60(b) motion only if there was a clear abuse of the court's broad discretion." *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807 (8th Cir. 2002). Relevant here, "[a]n error of law is necessarily an abuse of discretion." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

*Williams*, 891 F.3d at 706; accord *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014))).

Thus, "[i]n the civil context, our court has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or ... present[ing] newly discovered evidence.'" *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration [pursuant to Rule

4

60(b)] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))). This limitation means that "[a] court of appeals 'will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration [pursuant to Rule 59(e) or Rule 60(b)] in the district court.'" *Brown v. Louisiana-Pac. Corp.*, 820 F.3d 339, 348 (8th Cir. 2016) (quoting *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014), *cert. denied*, 574 U.S. 1156 (2015)). Nor will a district court. *Arnold*, 627 F.3d at 721 (explaining that a motion for reconsideration pursuant to Rule 60(b) "is also not the appropriate place to 'tender new legal theories for the first time'" (quoting *Hagerman*, 839 F.2d at 414)). Similarly, Rule 60(b) motions are not appropriate simply to reargue the merits of a claim or prior motion. *Broadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits. This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.").

### B. Reconsideration Is Not Warranted

Plaintiffs have failed to identify anything that could properly be considered a "manifest error[ ] of law or fact." *Luger*, 837 F.3d at 875. The Court has already considered and rejected the same arguments that Plaintiffs now regurgitate. *Broadway*, 193 F.3d at 990 (explaining that a motion for reconsideration "is not a vehicle for simple reargument on the merits"). Nevertheless, the Court will again address Plaintiffs' contentions.

Plaintiffs argue that Plaintiffs as "WLD holders are entitled to advanced parole under 8 C.F.R. § 212.5(f) because 'parole is authorized' for WLD holders under 8 C.F.R. § 214.14(d)(2)." Filing 33 at 2. This convoluted argument fails as a simple matter of statutory interpretation. Section 212.5(f) states, "When parole is authorized for an alien who will travel to the United States without a visa, the alien shall be issued an appropriate document authorizing travel." 8 C.F.R. § 212.5(f). Plaintiffs go on to explain that "WLD holders are entitled to advanced parole under 8 C.F.R. § 212.5(f) because "parole is authorized" for WLD holders under 8 C.F.R. § 214.14(d)(2)." Filing 33 at 2. 8 C.F.R. § 214.14(d)(2) states in relevant part, "USCIS will grant deferred action or parole to U–1 petitioners and qualifying family members while the U–1 petitioners are on the waiting list." Read together, it is obvious that Plaintiffs' arguments fail: § 212.5(f) requires advance parole "[w]hen parole is authorized for an alien who will travel to the United States without a visa," but § 214.14(d)(2) plainly allows USCIS to not authorize parole at all, namely, when it decides instead to "grant deferred action." Citing the Court's earlier order that Plaintiffs now ask the Court to reconsider, another district court determined that "[o]n its face, section 214.14(d)(2) can only be read one natural way: it mandates *either* advanced parole *or* deferred action, but not both, leaving USCIS a choice." *Arenales-Salgado-De-Oliveira v. Jaddou*, No. 23-61167-CIV, 2024 WL 68291, at *10 (S.D. Fla. Jan. 5, 2024) (emphasis in original) (citing *Argueta v. Jaddou*, No. 23-cv-3002, 2023 WL 8082113, at *7 (D. Neb. Nov. 21, 2023)). The Court agrees.

Despite Plaintiffs' assertions about its "syllogism" or the Court's "fatal[ ] flaw[s]," Filing 33 at 1, the unambiguous meaning of § 214.14(d)(2) squarely forecloses Plaintiffs' argument. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–254 (1992). Where § 2141.14(d)(2) requires USCIS to "grant deferred action or parole," it plainly does not require

6

USCIS to issue deferred action *and* parole. *See Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134 (2018) (explaining that "or" is "almost always disjunctive"). Plaintiffs' claim fails, again.

As discussed in the previous order, the record shows that all the domestic plaintiffs have deferred action, which Plaintiffs nowhere contest. *See* Filing 29-1 at 3–43, 53–63; *see generally* Filing 30. As such, they are not entitled to parole under § 214.14(d)(2). Therefore, it was not "manifest error" to conclude that Plaintiffs were not injured by USCIS's refusal to issue advance parole, to which they are not entitled. *Luger*, 837 F.3d at 875.

### III. CONCLUSION

IT IS ORDERED that Plaintiffs' Motion to Reconsider, Filing 33, is denied.

Dated this 15th day of February, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge